UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:                                )
                                      )    Chapter 7
John Davies,                          )
                                      )    Case No. 06-10119
                    Debtor            )
                                      )

## MEMORANDUM OF DECISION

This contested matter arises on the chapter 7 trustee's objection to the debtor's attempt to exempt his aggregate interest in two life insurance contracts from property of the estate under 11 U.S.C.§ 522 (b) and 14 M.R.S.A. § 4422 (11), the applicable Maine exemption statute.  As such, it is a core proceeding under 28 U.S.C.§ 157(b)(2)(B).  The facts are undisputed.  One contract issued by AARP has a cash value of $2,310.00 and the other contract, issued by Global Life Insurance has a cash value of $2,572.50.  The crux of the matter is the meaning of the Maine exemption law, which, according to the debtor, provides for the exemption of any number of insurance contracts as long as the debtor's aggregate interest in each does not exceed $4,000 in value.  The trustee's opposing view is that the statute allows the debtor to exempt his interest in only one contract to the extent of $4,000.  Thus, the answer to the dispute lies in a judicial determination of the meaning of the state law.

We begin our analysis with a brief explanation of why the state life insurance exemption, as opposed to the federal bankruptcy version, applies in this case.  Exemptions in bankruptcy cases are governed by 11 U.S.C. § 522.  Paragraph (b) of that section permits a debtor to elect the specific bankruptcy exemptions under § 522(d) or whatever exemptions may be available under applicable state law.  However, a state may choose to "opt out" of the federal bankruptcy exemptions and impose its own exemption scheme on debtors in bankruptcy cases.  See 11

U.S.C.§ 522 (b).  Maine is an "opt out" state, so, for that reason, state law applies to the debtor's attempt to exempt his interest in the two life insurance contracts.  See 14 M.R.S.A. § 4426. Yet, despite its decision to "opt out," Maine's break from the federal exemptions was not intended to be complete.  This less than complete break is evident from the mirror image of the federal language found in 14 M.R.S.A. § 4422 and in the Maine legislature's expression of intent found in the "Statement of Fact" attached to the legislative document introducing P.L. 1981, c. 431, the law enacting 14 M.R.S.A. § 4422.  The "Statement of Fact" states, in pertinent part, that "[t]he purposes of this new draft are generally to . . . [a]dopt the existing federal exemptions except where comparable state exemptions are more generous. . . ."  L.D. 1642, 110th Legislature (May 21, 1981).  See  In re Breau, 17 B.R. 697, 698 (Bankr. D. Me. 1982) ("The 'Statement of Fact'. . . is a proper and compelling aid to ascertaining the legislative purpose and intent," quoting Franklin Property Trust v. Foresite, Inc., 438 A.2d 218, 223 (Me. 1981)).

       The version of the life insurance exemption found in 14 M.R.S.A. § 4422 (11) in force upon the commencement of this case is the same as the original enactment of 1981.  The Maine exemption language was copied word-for-word from 11 U.S.C. § 522(d)(8), including the value cap of $4,000.  See 1981 Me. Laws ch. 431 § 2 (codified at 14  M.R.S.A. § 4422 (11)); Bankruptcy P. L. 95-598, 1978 (codified at 11 U.S.C. § 522 (d)(8)).[1]  Thus, it appears to have been the intention of the Maine legislature to adopt the federal bankruptcy life insurance exemption in force at that time.  What is not certain is whether the legislature also intended to adopt the rules of construction found in § 102 of the Bankruptcy Code as the basis for

---

[1] The current version of § 522 (d)(8) contains a value cap of $9,850.  Otherwise it remains the same as when enacted in 1978 in every way.

understanding the borrowed language. Specifically, § 102 (7) provides that "the singular includes the plural." This dictum, if applied to 14 M.R.S.A. § 4422 (11), would eliminate the ambiguity which is at the heart of this dispute.

> The Maine exemption statute permits the debtor to exempt his
>
> *aggregate interest*, not to exceed in value $4,000 less any amount of property of the estate transferred in the manner specified in the United States Code, Title,11, Section 542(d), in any accrued dividend or interest under, or loan value of, *any unmatured life insurance contract* owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent.

14 M.R.S.A. § 4422 (11)(emphasis supplied).

The word "any" in the phrase "any unmatured life insurance contract" is the source of the ambiguity because, in the context of the state statute, it has more than one meaning. "Any" could mean one contract among many – as asserted by the trustee, or every one of many contracts – as asserted by the debtor. See Webster's Third New International Dictionary (1976). If we were to apply the rule that "the singular includes the plural" to 14 M.R.S.A. § 4422 (11), as it must be applied to the identical language in 11 U.S.C. § 522 (d)(8), the ambiguity would disappear. "[A]ny . . . contract" would mean "any contract or contracts." Which is why, under § 522 (d)(8), a debtor could exempt his "aggregate interest[s], not to exceed in value . . . [the statutory cap] . . ." in one or more "unmatured life insurance contract[s]. . . ".

If faced with the present question, I believe that the Maine courts would apply "the singular includes the plural" rule to glean the true legislative purpose of 14 M.R.S.A. § 4422 (11) for several reasons. First, there are no specific rules of construction that must be applied to the state exemption. Second, there is no legislative expression rejecting the statutory rules of construction established by Congress.

Third, the rejection of the federal rule of construction would leave us with ambiguous language and the possibility of absurd or illogical results. The readings offered by the parties are examples of such possibilities. To read "any" contract as "one" contract would mean that a debtor with an aggregate interest worth less than $4,000 in more than one contract would be deprived of the difference between the value of his exempt interest in one contract and the $4,000 statutory cap for no conceivable reason beyond a windfall for creditors. Likewise, there are problems with the debtor's approach. According to the debtor, he should be able to exempt his interest, not to exceed $4,000 in value, in each of any number of policies. Such an interpretation would eliminate the $4,000 cap on the exemption and allow for the retention of unlimited value. Such absurd or illogical results are to be avoided. See Town of Eagle Lake v. Comm. Dept. of Educ., 818 A.2d 1034, 1037 (Me. 2003).

## CONCLUSION

The debtor may exempt the aggregate value of his interest in both contracts of insurance, not to exceed $4,000. A separate order will enter.

DATED: August 18, 2006

_____
Louis H. Kornreich
Chief Judge, United States Bankruptcy Court